**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley W. Kennedy, ) | No. CV-05-2692-PHX-NVW |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Angela K. Andrews, et al., ) | |
| Defendant. ) | |

Before the court are Nicholas Hentoff's Motion to Dismiss on abstention grounds (doc. # 4) and Plaintiff's Response (doc. # 32); the Maricopa County defendants' Motion to Dismiss (doc. # 27), the Response (doc. # 35), and Reply (styled as a Response)(doc. # 43); and the Motion to Dismiss by the other defendants (doc. # 30) and the Response (doc. # 49).

Because of the incoherent nature of Plaintiff's complaint, the court first addresses whether his complaint complies with 28 U.S.C. § 1915(e)(2), which specifies grounds upon which a district court must dismiss an in forma pauperis case, and the general pleading requirements provided in Rule 8 of the Federal Rules of Civil Procedure.

**I.    Statement of the Case**

Plaintiff ("Kennedy") filed an action in this court on September 6, 2005. His complaint is 44 pages of disconnected facts and narratives, legal phrases, vituperation, innumerable state and federal statutory citations, and requests for expansive and obscure

1 relief. From the defendants' motions the court infers that the allegations stem from an
2 incident in which Kennedy was arrested for taking several loaded weapons to the Arizona
3 State University College of Law Library. After his arrest, law enforcement officers removed
4 a number of firearms from Kennedy's home/office. Kennedy appears to be alleging that the
5 some of the defendants conspired to illegally remove his firearms and other belongings.
6 After the arrest, Kennedy's wife filed for divorce. Kennedy also appears to be alleging that
7 his wife improperly took community property assets with the assistance of some of the
8 defendants. Again, these assertion are not gleaned from Kennedy's complaint, but from the
9 defendants' explanation of the case. Doc. # 30 at 2-4. This is not Kennedy's first action
10 involving these same facts.

11 Kennedy is currently awaiting trial in Maricopa County Superior Court, *State v.*
12 *Bradley W. Kennedy*, CR 2003-031405-001, on criminal charges. The prosecutors in that
13 case are Angela K Andrews and Brad Astrowsky, two defendants in this case. In addition,
14 Defendants Sheriff Joseph Arpaio, Allen Romer, Steve Bailey, and Raymond Jones
15 investigated Kennedy's criminal charges. They are all defendants in this case.

16 Kennedy is a party in a divorce case currently awaiting trial in Maricopa County
17 Superior Court. *See Joann Knight Kennedy v. Bradley William Kennedy*, FC 2003-001980.
18 Joanne Kennedy and her two attorneys, Patrick A. Sampair and Terrance D. Dunmire, are
19 defendants in this case. Nicholas S. Hentoff represented Bradley Kennedy in FC 2003-
20 001980 and a related case, CV 2003-010254, in which Joanne Kennedy sued both Bradley
21 Kennedy and his sister, Kate Stone. Nicholas S. Hentoff is also a defendant in this case.

22 In 2005, Kennedy brought charges against Nicholas S. Hentoff in Maricopa County
23 Chandler Justice Court, seeking damages for the alleged theft of the same property that is the
24 subject of this action. *See Bradley William Kennedy v. Nicholas S. Hentoff*, CV05-025845C.
25 The court dismissed that case. Doc. # 4.

26 Defendants also allege that Kennedy has recently sued Maricopa County, the State
27 Bar of Arizona, the State Bar Foundation, the Church of the Latter Day Saints, the Honorable

28

David L. Roberts, Sterling R. Threet, and Anthony H. Misseldine in Justice and Superior Court. Doc. 30 at 4.

## II.     Legal Standards

### A.     28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

### B.     Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual

1   elements of a cause of action present but scattered throughout the complaint and not
2   organized into a "short and plain statement of the claim" may be dismissed for failure to
3   satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

4   In order to assist litigants to understand the Rule 8(e) requirements that averments "be
5   simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides
6   samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity
7   of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.
8   1996). An example is Form 9 (Complaint for Negligence):

> 1. Allegation of jurisdiction
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broker, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> 4. Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

*Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Buatista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

**III.   Analysis**

   **A.   Kennedy's Complaint**

Kennedy's complaint falls far short of satisfying the requirements of Rule 8. Kennedy does not provide a "short and plain statement" for each claim. Instead, his complaint is

- 4 -

1 extremely verbose, meandering, and conclusory without providing the necessary facts.  He
2 lists numerous statutes within each count and does not provide facts to explain how each
3 defendant violated the listed statutes.  None of the counts in Kennedy's complaint presents
4 an intelligible picture of the nature of this lawsuit.  It is only after reading the defendants'
5 motion is it is possible to discern what the case may be about.

6 Kennedy's complaint also has a frivolous and malicious character  His complaint
7 provides numerous accusations against many defendants.  All or nearly all of the defendants
8 in the action either represented Kennedy or his wife or were involved in the process of
9 bringing criminal charges against him.  This suggests that Kennedy's motive behind this
10 lawsuit is to interfere with the State's ability to criminally prosecute him or harass people, not
11 to vindicate his rights.  Kennedy has also filed proceedings against many of these same
12 defendants in other courts relating to the same incidents.  As stated above, 28 U.S.C. §
13 1915(e)(2) requires a court to dismiss an in forma pauperis action that is frivolous or
14 malicious.

### D. Leave to Amend

Kennedy will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, Kennedy must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Kennedy's right, and what specific injury Kennedy suffered because of the other person's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint filed by Kennedy must conform to the requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this Order, the action will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

In addition, if Kennedy's amended complaint, should he elect to file one, still appears frivolous or malicious, the court will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2) on that ground as well. Section 1915(f)(1) further provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." Kennedy may also be ordered to pay the defendants' attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure, which allows courts to award sanctions when an action is frivolous, legally unreasonable, or without factual foundation. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)("[S]anctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith."), *overruled on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). A sanction can include an award of attorney's fees if the pleading was used for "improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1036 (9th Cir. 1985). Sanctions may also be assessed against a pro se plaintiff under 28 U.S.C. § 1927 when the plaintiff multiplies the proceedings in any case "unreasonably and vexatiously." *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990)(determining that sanctions were proper when "plaintiff's amended complaint did not materially differ from one which the district court had already concluded

did not state a claim, and by continually moving for alterations in the district court's original judgment despite the court's clear unwillingness to change its mind . . .").

IT IS THEREFORE ORDERED that Plaintiff's Complaint is dismissed for failure to comply with Rule 8, with leave to file an amended complaint by January, 3 2006.

IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by January 3, 2006, the clerk is directed to dismiss this action without further order of the court.

IT IS FURTHER ORDERED that Nicolas Hentoff's Motion to Dismiss (doc. # 4), the Motion to Dismiss by the Maricopa County defendant' (doc. # 27), and the Motion to Dismiss by the other defendants (doc. # 30) are denied as moot.

IT IS FURTHER ORDERED that, should Plaintiff elect to file an amended complaint, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it will be necessary for defendants to answer.

DATED this 8th day of December, 2005.

_____
Neil V. Wake
United States District Judge