**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley W. Kennedy, ) | No. CV 05-2692-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Maricopa County, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Court has before it Plaintiff's Second Amended Complaint, Doc. # 91.

On December 8, 2005, the Court dismissed Kennedy's Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court also pointed out the possibly frivolous and malicious nature of Dr. Kennedy's complaint. On December 30, 2005, Dr. Kennedy filed his First Amended Complaint. On January 31, 2006, the Court reviewed Dr. Kennedy's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that the Complaint failed to comply with Rule 8 and therefore did not state a claim. The Court dismissed Dr. Kennedy's First Amended Complaint without prejudice.

On March 23, 2006, Dr. Kennedy filed his Second Amended Complaint. The Court reviews Dr. Kennedy's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it complies with Rule 8 and states a claim. For the reasons discussed

below, Dr. Kennedy's Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

**I.      Analysis**

The original Complaint in this action was dismissed because it did not contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief" as required by Rule 8(a) of the Federal Rules of Civil Procedure.  The Court, however, granted Dr. Kennedy leave to amend.  The Court provided Dr. Kennedy an example of a pleading which satisfies the requirements of Rule 8 and gave Dr. Kennedy explicit instructions to assist him in correcting the deficiencies in his original Complaint.  *See* Doc. # 85 ("In the amended complaint, Kennedy must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Kennedy's right, and what specific injury Kennedy suffered because of the other person's conduct.").  Dr. Kennedy was warned that if he failed to comply with each of the Court's instructions, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dr. Kennedy's First Amended Complaint failed to comport with Rule 8(a) of the Federal Rules of Civil Procedure.  Despite the clear instructions provided by the Court, Dr. Kennedy failed to state a short, concise statement of his claim so that a defendant could form a responsive pleading.  However, rather than dismiss Dr. Kennedy's First Amended Complaint with prejudice, the Court dismissed the Complaint without prejudice, allowing Dr. Kennedy to amend his Complaint a second time.  In its Order, the Court again explicitly instructed Dr. Kennedy to allege facts explaining each defendant's involvement in each claim so as to allow a defendant to form a responsive pleading.  Dr. Kennedy was also directed to look at the Court's December 8, 2005 Order, in which it more fully discussed the requirements of Rule 8.

Dr. Kennedy has amended his Complaint a second time, but it still fails to comply with the Court's instructions or the requirements of Rule 8. Dr. Kennedy fails to present a short and plain statement of the claim that allows the defendants to form a responsive pleading. In his First Amended Complaint, Dr. Kennedy provided a twenty-six page complaint, naming twenty-three defendants and alleging twelve causes of action. Under each cause of action, Dr. Kennedy alleged that "all defendants" acted in concert and committed the underlying offense. The Court explicitly informed Dr. Kennedy that he needed to allege each defendant's involvement with a particular claim. In his Second Amended Complaint, Dr. Kennedy provides a sixty-two page Complaint, naming twenty six-defendants and alleging thirteen causes of action. However, despite the additional thirty-six pages, Dr. Kennedy still fails to explain each defendant's role in each claim. Instead, Dr. Kennedy provides an identical paragraph listing all of the defendants at the start of each claim:

> Defendants County, Arpaio, Romer, Ray Jones, Waller, Bailey, Whitney, Forshey, Dr. Forshey, Kevin Jones, Heather Jones, Caswell, Mulhall, Woodward, JoAnn Kennedy, Simpson, Sampair, Dunmire, Leiher, Graham, Neal, Zielinski, Astrowsky, Andrews, and Hentoff (Defendants in this count [sic] herein) acting in concert individually, jointly and severally, directly, indirectly or vicariously initiated or took active part in the admitted unlawful civil conversion, removal transport, use of Plaintiff's property and are liable to Plaintiff in this Count or as determined by a jury from the facts of the case.

Doc. # 91 at ¶¶ 290, 306, 324, 352, 384, 410, 435, 460, 477, 498, 518, 534.

This paragraph, which Dr. Kennedy includes with each of his claims, still fails to allege facts describing each individual defendant's involvement with the particular claim. Listing defendants in the manner which Dr. Kennedy has done is of no practical difference from merely stating that "all defendants" acted together to harm Kennedy in some way. The defendants have no better idea of what their involvement is with a particular claim. Thus, Dr. Kennedy has failed to comply with the Court's two prior orders informing Dr. Kennedy that in order to satisfy Rule 8, he must write each claim in a manner which allows the defendants to respond.

1  Moreover, Dr. Kennedy fails to allege facts supporting each of his claims. Instead, 2 Dr. Kennedy provides sixteen pages of facts before listing his thirteen claims for relief. 3 Then, under each claim, Dr. Kennedy writes conclusory and repetitive statements alleging 4 that he has established the elements for each cause of action. Dr. Kennedy appears to be 5 asking the defendants to read his fact section and then apply the facts to each of his claims. 6 Again, this is insufficient under Rule 8. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 7 640 (9th Cir. 1988) (establishing that a complaint having the factual elements of a cause of 8 action present but scattered throughout the complaint and not organized into a "short and 9 plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a)). The general 10 allegations are themselves an unintelligible jumble.

11 **II.     Dismissal with Prejudice**

12  None of the counts in this Second Amended Complaint presents an intelligible picture 13 of the nature of this lawsuit. In sum, the sixty-two page Complaint is vague and confusing 14 and there is no plain or concise statement of the causes of action. This pleading would not 15 give adequate notice to the defendants of what they must defend against. Although pro se 16 pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), conclusory 17 and vague allegations will not support a cause of action. Moreover, the liberal construction 18 rule does not eliminate the Rule 8(e) requirement that "[e]ach averment of a pleading shall 19 be simple, concise, and direct." The Court has given Dr. Kennedy notice of these 20 requirements, but he has persisted in and expanded his non-compliance. The question, then, 21 is whether the Second Amended Complaint and this action should be dismissed pursuant to 22 Rule 8 and Rule 41(b). *See also* 28 U.S.C. § 1915(e)(2)(B).

23  Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court can dismiss 24 an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order 25 of the court." *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 26 1985). Before dismissing a case, however, the court must weigh the following five factors: 27 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage 28 its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition

1  of cases on their merits; and 5) the availability of less drastic sanctions. *Malone v. U.S.*
2  *Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), *cert. denied,* 488 U.S. 819 (1988); *Thompson*
3  *v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

4  The public's interest in expeditious resolution of cases "always favors dismissal."
5  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage
6  its docket also weighs in favor of dismissal. The Court has expended extensive time on this
7  case to attend to matters that parties are supposed to comply with without intervention of the
8  court, to no avail. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This district
9  has one of the highest caseloads per judge in the country, and the burden of this kind of
10 persistent pleading violation is substantial. The prejudice to the Defendants is obvious.
11 Defendants are entitled to ascertain what they are charged with and the legal sufficiency of
12 those charges. People may not be haled into federal court and forced into battles with
13 shadows. Thus, the third factor also weighs in favor of dismissal.

14 The fourth factor–the policy favoring disposition on the merits–is attenuated here.
15 The Second Amended Complaint, like its predecessors, has an air of abuse and harassment.
16 Indeed, with each amended complaint Dr. Kennedy adds new defendants. They now include
17 his former wife, with whom he is in state court litigation, her attorney, his own former
18 attorney, the investigators and law enforcement personnel involved in his pending state court
19 criminal prosecution, and numerous other persons. The list of defendants has grown to 26.
20 This case is an omnium gatherum of all grievances against all enemies. The fact that Dr.
21 Kennedy disregards the proper procedures despite repeated guidance from the Court makes
22 it look like the burdens the process imposes on others may be a principal end in itself.

23 The fourth factor–the availability of lesser sanctions–does not cut against dismissal.
24 Dr. Kennedy has been given three chances and two warnings in the clearest terms of what
25 is required, yet he persists in his non-compliance with the Rules and with the Court's
26 previous orders. This has been more than enough opportunity to comply with the Rules if
27 there were a good faith intention to comply. *See  McHenry v. Renne*, 84 F.3d 1172, 1177
28 (9th Cir. 1996) (affirming dismissal with prejudice of prolix, argumentative, and redundant

amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Finally, parties, especially parties appearing before the court *pro se*, generally receive a specific warning about the possibility of dismissal before having the ultimate sanction imposed. *See, e.g., Carey v. King*, 856 F.2d 1436, 1441 (9th Cir. 1988); *Malone*, 833 F.2d at 133; *Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 500 (9th Cir. 1987). In this case, Dr. Kennedy was warned in the Order entered December 8, 2005, Doc. # 57, p. 5-6, that dismissal with prejudice would be the consequence of a further failure to comply with the Rules and with that Order.

The Court having weighed the appropriate considerations, the Second Amended Complaint and this action will be dismissed with prejudice pursuant to Rule 8 and Rule 41(b), Fed. R. Civ. P. *See also* 18 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that Plaintiff's Second Amended Complaint, Doc. # 91, is dismissed with prejudice. The Clerk shall note dismissal under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that the clerk enter judgment dismissing this action with prejudice. The clerk shall terminate this action.

DATED this 15th day of May 2006.

_____
Neil V. Wake
United States District Judge